UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HENRY LEE WHITE,

    Petitioner,

v.                                            CASE NO. 6:06-cv-026-Orl-18JGG
                                                     (6:98-cr-106-Orl-18JGG)

UNITED STATES OF AMERICA,

    Respondent.

_____

## ORDER

This case involves a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Henry Lee White (Doc. No. 1). The Government filed a timely response to the motion (Doc. No. 5). Petitioner was advised of his opportunity to file a reply to the Government's response, but did not do so.

*Procedural History*

Petitioner was charged in a three count indictment with committing various crimes. (Criminal Case No. 6:98-cr-106-Orl-18JGG, Doc. No. 1, filed May 7, 1998).[1] Petitioner was charged with conspiracy to possess with intent to distribute and distribute cocaine base (count one), possession with intent to distribute cocaine base (count two), and using and carrying a firearm during and in relation to a drug trafficking crime (count three). After

---

[1] Hereinafter Criminal Case No. 6:98-cr-106-18JGG will be referred to as "Criminal Case."

a jury trial, Petitioner was found guilty of counts two and three.[2] On October 23, 1998, judgment was entered sentencing Petitioner to a 360 month term of imprisonment as to count one and a consecutive sixty month term of imprisonment as to count two (Criminal Case Doc. No. 57). Petitioner did not file a direct appeal.

On April 21, 1999, the Government filed a motion to recognize Petitioner's substantial assistance, which was granted (Criminal Case Doc. Nos. 65 and 66). Petitioner's sentence was reduced by eighty months to a total term of imprisonment of 340 months.

Petitioner subsequently moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Criminal Case Doc. No. 79).[3] After conducting an evidentiary hearing, this Court granted the § 2255 motion and permitted Petitioner to file a belated appeal of his convictions and sentences (Criminal Case Doc. No. 96).

On December 17, 1999, Petitioner filed a notice of appeal of his judgment of conviction (Criminal Case Doc. No. 99). By Order dated November 8, 2000, the Eleventh Circuit Court of Appeals dismissed the appeal. See Criminal Case Doc. No. 108.

On March 28, 2005, Petitioner filed a motion pursuant to 18 U.S.C. § 3582(c), which this Court denied on March 19, 2005. (Criminal Case Doc. Nos. 111 and 112). Petitioner filed an appeal, and on January 20, 2006, the Eleventh Circuit Court of Appeals affirmed the denial. See United States v. White, No. 05-11965, 2006 WL 156749 (11th Cir. January 20, 2006).

---

[2] Count one was dismissed upon oral motion by Petitioner at trial.

[3] The motion initiated civil case number 6:99-943-CIV-ORL-18.

*Timeliness of Petitioner's Motion*

Pursuant to 28 U.S.C. § 2255, the time for filing a motion to vacate, set aside, or correct a sentence is restricted, as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. The Government contends that Petitioner's motion is subject to dismissal because it was not timely filed under the one year limitation of § 2255.

In the present case, the appellate court dismissed Petitioner's appeal on November 8, 2000. Assuming that Petitioner had ninety days to petition the United States Supreme Court for writ of certiorari, his judgment of conviction became final, at the latest, on February 6, 2001. *See Clay v. United States*, 123 S. Ct. 1072, 1074 (2003), ("[A] judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."); *Kaufmann v. United States*, 282 F.3d 1336, 1339-40 (11th Cir. 2002) ("[A] 'judgment of conviction becomes final' within the meaning of § 2255 as follows: (1) if the prisoner files a timely petition for certiorari, the

3

judgment becomes 'final' on the date on which the Supreme Court issues a decision on the merits or denies certiorari, or (2) the judgment becomes 'final' on the date on which the defendant's time for filing such a petition expires."). Since Petitioner's judgment of conviction became final, at the latest, on February 6, 2001, he had through February 6, 2002, to file a § 2255 motion in this case. However, under the mailbox rule, Petitioner's motion was not filed until December 30, 2005. *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (*pro se* prisoner's § 2255 motion is deemed filed the date it is delivered to prison authorities for mailing which, absent evidence to the contrary, will be presumed to be the date the document was signed by the prisoner); *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (*pro se* prisoner's § 2255 motion is deemed filed the date that it is delivered to prison authorities for mailing). Accordingly, Petitioner's § 2255 motion must be denied as untimely.[4]

Any of Petitioner's allegations that attempt to excuse his failure to file the instant motion within the one year period of limitation and that are not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

---

[4]Furthermore, all of Petitioner's claims are based on the case of *United States v. Booker*, 125 S. Ct. 738, 746 (2005). However, the Eleventh Circuit Court of Appeals has expressly determined that *Booker* does not apply retroactively to cases on collateral review. *Varela v. United States*, 400 F.3d 864 (11th Cir. 2005) ("[W]e conclude that *Booker's* constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review."), *cert. denied*, 126 U.S. 312 (2005).

4

1. The motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Henry Lee White is **DENIED**, and this case is **DISMISSED** with prejudice.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. The Clerk of the Court is directed to file a certified copy of this Order in criminal case number 6:98-cr-106-Orl-18JGG and to terminate the motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Criminal Case Doc. No. 127) pending in that case.

**DONE AND ORDERED** at Orlando, Florida, this 7 day of September, 2006.

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

Copies to:
sa 9/7
Henry Lee White
Counsel of Record